**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5229**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRY LEE HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:04-cr-00001-F-1)

Submitted: August 20, 2009          Decided: August 24, 2009

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Lee Hill appeals the district court's judgment imposing a twenty-four month prison sentence upon the revocation of his supervised release, imposed as part of his sentence on his conviction for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B) (2006). Hill claims the sentence was plainly unreasonable because it was based on a clearly erroneous factual finding that he required sex offender treatment.

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first review the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. If we conclude that a sentence is not unreasonable, we will affirm the sentence. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Id.

A supervised release revocation sentence is procedurally reasonable if the district court considered the

2

Chapter Seven advisory policy statement and the 18 U.S.C. § 3553(a) factors that it is permitted to consider in a supervised release revocation case. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 440. Such a sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id. at 439.

Addressing the § 3553(a) factors as applied to Hill's circumstances, the district court expressed a need for the twenty-four month sentence, the statutory maximum sentence applicable to Hill's crime, to allow Hill the opportunity to take part in sex offender treatment. We find that Hill's sentence was not "plainly unreasonable" because it did not exceed the maximum term that the court could have imposed, and the record does not contain any basis on which to conclude that the imposed sentence is clearly or obviously unreasonable, given Hill's actions in violating the rules of the sex offender program and a county ordinance restricting him, as a sex offender, from being in a public park, together with his admission that, within a couple of months of his release, he purchased a computer and used it to access pornography. The district court has broad discretion to revoke a defendant's

3

supervised release and to impose a term of imprisonment up to the statutory maximum, <u>Crudup</u>, 461 F.3d at 440, and we find no abuse of the district court's discretion in this case.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>